UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
**FRANKLIN GARDNER**,

                Plaintiff,

        -against-

**NEW YORK CITY; NEW YORK CITY DEPT.**     **MEMORANDUM AND ORDER**
**OF CORRECTIONS; CYNTHIA BRANN,**    20-CV-3452 (AMD) (SJB)
**Commissioner of Dept. of Corrections; SEAN**
**RYAN; SUPERINTENDENT OF RIKERS**
**ISLAND CORRECTIONAL FACILITY;**
**RONALD WILSON, Badge No. 1488;**
**ALEXANDER SAVINO Badge No. 11240;**
**JOHN DOE; JANE DOE**,

                Defendants.
------------------------------------------------------------------x
**ANN M. DONNELLY**, United States District Judge:

        The plaintiff, who is currently incarcerated at the Elmira Correctional Facility, brings this *pro se* action alleging constitutional violations and seeking damages for injuries he allegedly sustained while riding as a passenger in a New York City Department of Correction bus. By order dated July 23, 2020, the United States District Court for the Southern District of New York transferred the action to this Court.[1] The plaintiff's request to proceed *in forma pauperis* is granted. For the reasons discussed below, the plaintiff's claims against New York City, the New York City Department of Correction, Cynthia Brann, the Superintendent of Rikers Island Correctional Facility and Captain Ronald Wilson are dismissed for failure to state a claim upon which relief may be granted. The action will proceed against Correction Officers Alexander Savino and Sean Ryan. In addition, the plaintiff is granted 60 days from the date of this order to amend his claim against Captain Wilson.

---

[1] Plaintiff uses a form complaint supplied by the New York State Court of Claims. It is not clear whether he meant to file his claim in that court instead of the Southern District.

**BACKGROUND**

The plaintiff alleges that on March 16, 2018, he was injured while riding in a New York City Department of Correction ("DOC") bus that was transporting him from Rikers Island to court in Brooklyn for a scheduled court appearance. (ECF No. 2 at 7.) The plaintiff asserts that he was shackled to another inmate and placed in a cage on the bus. (*Id.*) The driver of the bus, Officer Alexander Savino, "was driving erratically[,] accelerating rapidly, decelerating and stopping quickly." (*Id.*) When the plaintiff asked Officer Sean Ryan to tell Savino to slow down, Ryan retorted, "[S]hut up and sit down[.] [Y]ou should of stayed out of jail." (*Id.*) As Savino was merging onto the Brooklyn-Queens Expressway, he hit another car. (*Id.* at 26). According to the plaintiff, Savino briefly left the bus. (*Id.* at 7.) When he returned, he continued driving "fast and erratically" and did not ask if any of the inmates on board were injured or in need of medical attention. (*Id.*)

The plaintiff alleges that when the bus arrived at the courthouse, he told Captain Ronald Wilson of the transportation division, that he needed medical attention, and that Captain Wilson told him that he would be taken to the Brooklyn House of Detention. (ECF No. 2 at 7.) Captain Wilson later told the plaintiff that he would not be examined at the Brooklyn House of Detention because there was a flood at the facility. (*Id.*) A few days later, the plaintiff saw a nurse at Rikers Island. (*Id.* at 16, 42.) The plaintiff seeks monetary damages for the injuries that he allegedly sustained in the accident.

**STANDARD OF REVIEW**

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A

complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Because the plaintiff is *pro se*, I hold his complaint to a less stringent standard than pleadings drafted by a lawyer, and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Nevertheless, under 28 U.S.C. § 1915A, a district court must "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court must dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).

**DISCUSSION**

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Ostroski v. Town of Southhold*, 443 F. Supp. 2d 325, 335 (E.D.N.Y. 2006) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). The challenged conduct must (a) be attributable at least in part to action under the color of state law, and (b) deprive the plaintiff of a right guaranteed under the Constitution of the United States. *Id.* (citing *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999) (citation omitted)).

3

**I.      The Plaintiff's Claims Against Cynthia Brann and the Superintendent of Rikers**

A plaintiff cannot recover against a defendant under § 1983 solely on a theory of vicarious liability or respondeat superior. *See, e.g.*, *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior."). In other words, the plaintiff cannot sue Cynthia Brann, the Commissioner of Department of Correction, and the Superintendent of Rikers Island Correctional Facility (the "Superintendent"), simply because of their positions with the DOC.  Instead, the plaintiff must allege that they were personally involved in the alleged violation of his constitutional rights.  *See Raspardo v. Carlone*, 770 F.3d 97, 115-116 (2d Cir. 2014) ("If a defendant has not personally violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against th[at] defendant . . . . § 1983 requires individual, personalized liability on the part of each government defendant.").

In order to establish a defendant's personal involvement in an alleged constitutional deprivation in an action pursuant to § 1983, the plaintiff must show that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Grullon v. City of New Haven,* 720 F.3d 133, 139 (2d Cir. 2013) (emphasis omitted) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). The plaintiff did not plead any facts to

4

show that Brann or the Superintendent had any personal involvement in any of the alleged violations asserted in his complaint. *See, e.g.*, *Wilson v. Brann*, No. 19-CV-2827, 2019 WL 3035473, at *2 (E.D.N.Y. July 11, 2019) (dismissing action against Commissioner Brann for lack of personal involvement); *Deverow v. City of New York*, No. 15-CV-6710, 2017 WL 711763, at *3 (S.D.N.Y. Feb. 7, 2017) (dismissing claims where the plaintiff failed to allege the Warden's personal involvement in any alleged constitutional violation). Accordingly, the plaintiff's claims against Brann and the Superintendent are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A.

## II. The Plaintiff's Claims Against the Department of Correction

I must dismiss the plaintiff's claims against the DOC because it is an agency of the City of New York and cannot be sued. New York City Charter § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Quince v. Rikers Island Correctional Facility C-95 AMKC*, No. 18-CV-1010, 2020 WL 2542127, at *2 (E.D.N.Y. May 19, 2020); *Sidbury v. Dept. of Corrections*, No. 19-CV-434, 2020 WL 2542117, at *2 (E.D.N.Y. May 19, 2020). Accordingly, the plaintiff's claim against the DOC is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A.

## III. The Plaintiff's Claims Against Captain Wilson

The plaintiff asserts that Captain Wilson denied him prompt medical treatment. (ECF No. 2 at 7-8). Following the accident, the plaintiff arrived at state court and requested to go to the hospital. (*Id.* at 7.) Captain Wilson allegedly told the plaintiff that he would be examined at the Brooklyn House of Detention; when the plaintiff arrived at the facility, someone told the

5

plaintiff that there was a flood at the facility, and he could not be seen. (*Id.*) A nurse examined the plaintiff a few days later at Rikers Island. (*Id*. at 16.)

Liberally construed, the plaintiff's claim alleges that Captain Wilson violated his rights under the 14th Amendment—if the plaintiff was a pretrial detainee at the time—or the Eighth Amendment—if he was a convicted inmate—by his deliberate indifference to the plaintiff's medical needs. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Because it is not clear from the complaint whether the plaintiff was a pre-trial detainee or a convicted prisoner at the time of accident, I will consider the standards under both the Eighth and Fourteenth Amendments.

To state an Eighth Amendment claim under § 1983 based on inadequate medical care, a prisoner must allege "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). The deliberate indifference standard includes both objective and subjective components. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The objective component requires that "the alleged deprivation . . . be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hathaway v. Coughlin*, 99 F.3d 550, 554 (2d Cir. 1996) (internal quotation marks and citation omitted). The subjective component requires that the charged official knew that inmates faced "a substantial risk of serious harm" and consciously "disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at, 847. "[D]eliberate indifference, in the context of a Fourteenth Amendment due process claim, can be shown by something akin to recklessness, and does not require proof of a malicious or callous state of mind." *Charles v. Orange County*, 925 F.3d 73, 86 (2d Cir. 2019); *Joseph v. NYC Dept. of Corrections*, No. 20-CV-1676, 2020 WL 2128860, at *5 (E.D.N.Y. May 5, 2020).

6

The plaintiff alleges that he did not see a doctor immediately after the accident and had to wait a few days to receive any medical care. In general, a delay in medical treatment does not give rise to an Eighth or Fourteenth Amendment violation if the delay did not exacerbate a medical condition. *See, e.g., Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003); *McGarrell v. Arias*, No. 18-CV-2273, 2019 WL 1254880, at *2 (S.D.N.Y. Mar. 19, 2019); *Smith v. City of New York*, No. 15-CV-7910, 2016 WL 7471334, at *5 (S.D.N.Y. Dec. 28, 2016). The plaintiff does not plead any facts to suggest that waiting a few days to see a nurse worsened his medical condition. Accordingly, his claim against Captain Wilson is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A.

In light of the plaintiff's *pro se* status, he will be granted leave to amend his claim against Captain Wilson. *See Nelson-Charles v. U.S. Dep't of Educ.*, No. 19-CV-1616, 2019 WL 1675999, at *2 (E.D.N.Y. Apr. 16, 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)) ("If [a] liberal reading of the complaint gives any indication that a valid claim might be stated, the Court must give the plaintiff an opportunity to amend the complaint.") To state a claim that Captain Wilson was deliberately indifferent to his medical needs, the plaintiff must allege facts about the seriousness of his injuries, Captain Wilson's knowledge of and deliberate indifference to his medical needs and a worsening of his medical condition caused by the delay in treatment.

### IV. The Plaintiff's Claims Against the City of New York

Finally, the plaintiff does not allege any unconstitutional policy or custom attributable to the City of New York. "[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). A claim of

7

municipal liability requires that the plaintiff "make factual allegations that support a plausible inference that the constitutional violations took place pursuant to [a municipal policy or custom]." *Missel v. County of Monroe*, 351 Fed. App'x. 543, 545 (2d Cir. 2009); *see also Monell v. Department of Social Services of N.Y.C*, 436 U.S. 658, 690-91 (1978). An "official policy" may be implemented through a "policy statement, ordinance, regulation, or decision" that is officially promulgated by a municipality's policy makers. *Anthony v. City of New York*, 339 F.3d 129, 139 (2d Cir. 2003) (quoting *Monell*, 436 U.S. at 690). A municipality may not be held liable under § 1983 solely on a respondeat superior theory. *Brown v. City of New York*, No. 15-CV-194, 2016 WL 4446126, at *3 (E.D.N.Y. Aug. 18, 2016). The plaintiff fails to allege any facts to demonstrate that the City maintains a policy or practice which led to the deprivation of his rights. *See Treadwell v. Cty. of Putnam*, No. 14-CV-10137, 2016 WL 1268279, at *4 (S.D.N.Y. Mar. 30, 2016) (the plaintiff "failed to sufficiently state a *Monell* claim" where the complaint lacked "any specific allegations that could lead to the inference that an official [municipal] policy, practice, or custom caused [the] [p]laintiff's alleged constitutional injuries" but instead merely "detail[ed] an isolated series of incidents"). Therefore, the plaintiff's claim against the City of New York is dismissed. 28 U.S.C. § 1915A.

## CONCLUSION

The plaintiff's motion to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. The plaintiff's claims against the Superintendent of Rikers Island Correctional Facility, Cynthia Brann, the New York City Department of Correction, Captain Ronald Wilson and the City of New York are dismissed. However, in light of the plaintiff's *pro se* status, I grant him leave to amend his complaint to allege facts, if applicable, that would establish that Captain Wilson or any other DOC employee was deliberately indifferent to his medical needs.

8

If the plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this order—20-CV-3452 (AMD) (SJB)—and must be filed within 60 days from the date of this Memorandum and Order.

The amended complaint will replace the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. All of the allegations with regard to Officers Savino and Ryan should also be included in the amended complaint. No summons will issue at this time and all further proceedings will be stayed for 60 days or until the plaintiff files an amended complaint, whichever is earlier. If submitted, the amended complaint will be reviewed for compliance with this Memorandum and Order and for sufficiency under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). If the plaintiff does not file an amended complaint within the time allowed, the complaint will only proceed as to Officers Savino and Ryan.

I am not at this time ordering the Clerk of Court to prepare a summons against Officers Savino and Ryan, or ordering the United States Marshals Service to serve the Summons and Complaint. This is to conserve the Court's resources in light of the current COVID-19 pandemic. I will direct both of those tasks after the deadline for the plaintiff to file an amended complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

    s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      August 17, 2020