UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
**FRANKLIN GARDNER**,

                              Plaintiff,

        -against-

**THE CITY OF NEW YORK CITY; CAPTAIN**     **MEMORANDUM AND ORDER**
**RONALD WILSON, Badge No. 1488; SEAN**     20-CV-3452 (AMD)
**RYAN, Badge No. 4278; ALEXANDER SAVINO,**
**Badge No. 11240; KINGS COUNTY**,

                             Defendants.
------------------------------------------------------------------x
**ANN M. DONNELLY**, United States District Judge:

       By Memorandum and Order dated August 17, 2020, I granted the plaintiff's request to proceed *in forma pauperis* and dismissed his claims against the City of New York, the New York City Department of Correction, Cynthia Brann, the Superintendent of Rikers Island Correctional Facility, and Captain Ronald Wilson for failure to state a claim. I directed the action to proceed against Correction Officers Alexander Savino and Sean Ryan and granted the plaintiff leave to amend his claim against Captain Wilson to allege facts that would establish that Captain Wilson was deliberately indifferent to his medical needs.[1] On October 22, 2020, the plaintiff filed an amended complaint. For the reasons discussed below the plaintiff's claim against the City of New York is dismissed for failure to state a claim upon which relief may be granted. The Clerk of Court is directed to serve summons, the complaint and amended complaint upon these defendants: Captain Ronald Wilson, Correction Officer Alexander Savino and Correction Officer Sean Ryan.

---

[1] I stayed service of Officers Savino and Ryan until after the plaintiff filed his amended complaint.

## BACKGROUND

The plaintiff alleges that on March 16, 2018, he was injured while riding in a New York City Department of Correction bus that was transporting him from Rikers Island to the Kings County Supreme Court. (ECF No. 12 at 2, 4.) The plaintiff, who was a pre-trial detainee at the time, alleges that he was handcuffed and shackled to another inmate and placed in a two-man cage on the bus. (*Id*. at 2.) The plaintiff alleges that Officer Savino, the driver of the bus, subjected the passengers to a "rough ride," and that Officer Ryan ignored the plaintiff's requests that Officer Ryan intervene. (*Id*.) During the trip, Officer Savino also hit a car, but continued to the court without assessing the passengers' injuries. (*Id*.)

When he arrived at the courthouse, the plaintiff told Captain Wilson that he was injured and requested medical care at a hospital. (*Id*.) Instead, Captain Wilson directed that the plaintiff be taken to the Brooklyn House of Detention for medical treatment. (*Id*.) The plaintiff did not receive treatment at this facility, however, because of a flood in the medical area. (*Id*. at 2-3.) It is not clear from the amended complaint how long the plaintiff waited to receive medical care for his injuries.[2]

The plaintiff alleges that he has suffered injury to his lower back, and that the delayed medical treatment "caused the degenerative disc to gradually protrude further in the lower vertebrae and [im]pinge the nerves," which "exacerbated the intense stiffness of the muscles[] while the plaintiff[] languished in severe pain." (*Id*. at 3.) The plaintiff argues that if Captain Wilson had immediately taken him to a hospital, a doctor could have "perform[ed] the urgent therapy of calibrating the disc surgically" and provided "the essential medicine for pain and healing." (*Id*.) As a result of the injuries he sustained on the bus ride and the lack of immediate

---

[2] In his original complaint, the plaintiff stated that he received treatment from a nurse at Rikers Island a few days after the incident. (ECF No. 2 at 16.)

medical treatment, the plaintiff alleges that he suffered permanent damage; he has been diagnosed with arthritis and "[d]egenerative posterior facet joint disease L5-transitional vertebrae level" and continues to suffer from pain. (*Id.* at 4.) He is not able to work in prison, and fears that he may be permanently disabled. (*Id.*) The plaintiff seeks monetary damages for the injuries that he allegedly sustained in the accident. (*Id.* at 7.)

## DISCUSSION

Although the plaintiff names the City of New York as a defendant in the amended complaint, he fails to allege any unconstitutional policy or custom attributable to the City of New York. "[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). A claim of municipal liability requires that the plaintiff "make factual allegations that support a plausible inference that the constitutional violations took place pursuant to [a municipal policy or custom]." *Missel v. Cty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009); *see also Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690-91 (1978). Accordingly, for the reasons discussed in my August 17, 2020 memorandum and order, the plaintiff's claim against the City of New York is dismissed. 28 U.S.C. § 1915A.[3]

The plaintiff's claim against Captain Wilson for deliberate indifference to his medical needs will be allowed to proceed along with the claims against Officers Savino and Ryan.

---

[3] The plaintiff lists Kings County as a defendant in the caption of the amended complaint but makes no allegations against it. Regardless, Kings County could not be a defendant in this action because it has no power of self-governance. *See* Admin. Code of the City of N.Y. § 2-201.

3

## CONCLUSION

Accordingly, the plaintiff's claim against the City of New York is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. No summons will issue to this defendant.

The United States Marshals Service is respectfully directed to serve the summons, the complaint and the amended complaint upon Correction Officer Alexander Savino, Badge No. 11240; Correction Officer Sean Ryan, Badge No. 4278; and Captain Ronald Wilson, Badge No. 1488.

The Clerk of Court is respectfully directed to mail a copy of this order to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

The action is referred to Magistrate Judge Sanket J. Bulsara for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                              s/Ann M. Donnelly
                                              ANN M. DONNELLY
                                              United States District Judge

Dated: Brooklyn, New York
       November 2, 2020